**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. SUSAN MCKENZIE-NEVOLAS )<br>          )<br>          Plaintiff, )<br>          )<br>v.          )<br>          )<br>1. DEACONESS HOLDINGS LLC., )<br>          )<br>          Defendant. ) | Case No. CIV-12-570-D |

### MOTION TO COMPEL DISCOVERY WITH AUTHORITY

**COMES NOW** the Plaintiff and respectfully requests this Court compel the Defendant to respond to certain of Plaintiff's discovery requests and, in support thereof, shows this Court as follows:

1. Plaintiff issued opening discovery on July 18, 2012. Ex 1 (Opening);

2. The Defendant responded to such requests on or about October 5, 2012. Ex 2 Such responses included objections and claims of privilege. Documents were not produced until November 26, 2012.

3. Plaintiff and Defendant have conferred in good faith regarding the resolution of such disputes on numerous occasions. As a result, some issues were resolved. However, the parties have been unable to resolve all of the material issues relating to discovery.

4. Because this dispute involves opening discovery responses and cannot be resolved by the parties, the assistance of this Court is required.

5. The issues to be resolved are set out as part of the argument and authority presented below.

### ARGUMENT AND AUTHORITY

In this case, Plaintiff Nevolas claims to have been wrongfully terminated in retaliation for taking time off work in order to attend various medical appointments, treatments, and testing. Following Plaintiff's emergency room stay in December 2010, Defendant began

1

disciplining Plaintiff for "excessive absences" in retaliation for her requests for medical leave. Around January 25, 2011 Plaintiff was forced to resign her employment with Defendant. Defendant denies such retaliation and also claims that Plaintiff voluntarily resigned.

In light of these issues, Plaintiff has requested several areas of discovery to assist in resolving the factual dispute. The matter currently at issue is Req. Prod. No. 9 which seeks the employment history and disciplinary actions for persons involved in the termination decision as well as other employees disciplined for similar alleged misconduct.

For the Court's convenience, the disputed requests are set forth below:

**REQ PROD NO 9:** Produce the "personnel documents" (as defined above)[1] for the following persons:
\*\*\*
D.  All persons who, from January 1, 2008 through the present, occupied the same and/or similar position as the Plaintiff;
E.  All persons who, from January 1, 2008 through the present, performed the same and/or similar job duties as the Plaintiff;
F.  All persons who, from January 1, 2008 through the present, were disciplined for the same and/or similar reasons the Plaintiff was disciplined;
G.  All persons who, from January 1, 2008 through the present, were terminated for the same and/or similar reasons the Plaintiff was terminated; . . .

**RESPONSE:** Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and seeks documents neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence insofar as Plaintiff only worked at the Hospital from March 2010 through January 2011. Notwithstanding said objections, to the extent they exist, responsive, non-privileged documents are enclosed subject to the Protective Order filed in this case.

Although Defendant represented that "responsive, non-privileged documents are enclosed", none accompanied the discovery responses. Plaintiff subsequently received Defendant's document production after the written answers were submitted and requested a 37.1 conference to address the lack of documents responsive to subparts (D)-(G).

---

[1] Plaintiff agreed to limit the personnel documents requested to documents showing beginning and ending dates of employment, discipline (including counseling), performance evaluations, grievances and termination records.

Defendant claimed the only person responsive to subpart (D) and (E) is Ms. Pratt. If Defendant's claim is true, they have subjectively limited the scope of the request to the Rose Creek facility. While the focus of discovery starts at the location where Plaintiff was employed, when the adverse action is made by a person outside of Plaintiff's work area it is appropriate to look at locations throughout her supervisor's area.

Defendant also claimed documents responsive to subpart (G) cannot be provided because Defendant cannot determine the reasons for Plaintiff's decision to resign. Defendant is aware that Plaintiff did not voluntarily resign her employment. Thus, documents responsive to persons who involuntarily resigned would be responsive to the request.

On December 10, 2012 Defendant stated it would review the files to determine if there are any additional employees responsive to this request and produce documents regarding the same. To date, no document production has been made notwithstanding the promise to produce "responsive, non-privileged documents" for each request.

## A. - PERSONNEL FILES GENERALLY

Courts "ha[ve] routinely held that personnel files, where relevant or reasonably calculated to lead to the discovery of relevant evidence, are discoverable." *Scott v. Leavenworth Unified Sch. Dist. No. 453,* 190 F.R.D. 583, 585-86 (D.Kan.1999).

Plaintiff will show that each of these requests falls within areas where the discovery of personnel documents has been found to be proper.

## B. - COMPARATORS

Subparts (D)-(G) seek documents showing beginning and ending dates of employment, discipline (including counseling), performance evaluations, grievances and termination records for the employment history and disciplinary actions of other employees who were disciplined and/or whose employment ended based on the same reasons as attributed to the Plaintiff, i.e. attendance issues.

In a discipline case, "comparative information is absolutely essential. . . to a determination of discrimination." *EEOC v. Roadway Express, Inc*., 261 F.3d 634, 642 (6th

Cir. 2001) (quoting *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994)). *Accord EEOC v. Recruit U.S.A., Inc*., 939 F.2d 746, 756-757 (9th Cir. 1991) and *Georgia Power Co. v. EEOC*, 412 F.2d 462, 468 (5th Cir.1969). *See Weahkee v. Norton,* 621 F.2d 1080, 1082 (10th Cir.1980) (comparison information goes to heart of the controversy such that denial of discovery was reversible error).

However, the question of who is a proper comparator is itself fact-specific and requires a fairly detailed examination of the particular employees. "Resolution of the at-issue job question. . . depends upon the facts and circumstances of each case and the nature of the plaintiff's claims". *Faulkner v. Super Valu Stores, Inc.,* 3 F.3d 1419, 1431 (10th Cir.1993). "A court should also compare the relevant employment circumstances, such as work history and company policies, applicable to the plaintiff and the intended comparable employees in determining whether they are similarly situated." *Aramburu v. The Boeing Co.,* 112 F.3d 1395, 1404 (10th Cir.1997). This decision, however, is not made by the Defendant as opposing party nor is made mechanically by use of a "same supervisor" test. *See Bryant v. Farmers Ins. Co., Inc*., 2002 U.S. Dist. LEXIS 14344, * 11 (D. Kan. July 31, 2002) ("While it is true that to be considered 'similarly situated' the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, this does not necessarily preclude all discovery into facts and circumstances involving different supervisors.") and *Pitrolo v. County of Buncombe*, 2007 U.S. Dist. LEXIS 25370, 3-4 (W.D.N.C. Apr. 4, 2007) ("While it may be valid to argue at trial or at summary judgment that evidence as to a given employee is not admissible inasmuch as such person is not a 'valid comparator,' discovery that is designed to find valid comparators is not objectionable simply because it may also include information that may not be admissible.").

Thus, the ability to develop the comparator issue requires not only disciplinary/separation records where attendance was an issue, but also additional work history to meet the comparator standards. In this regard, although Plaintiff has sought information only as to persons employed in a similar position, and disciplined/separated for

4

the same root issue as the Plaintiff, as to that group Plaintiff seeks the entire set of performance, disciplinary and termination records because "work history" has to be considered. *Aramburu, supra.*

### C. - The Temporal Scope Is Reasonable

Defendant has not been able to provide factual or legal support for its position that the documents sought are not relevant. When a relevant purpose is apparent, the person resisting discovery must show why the request is objectionable. *See City of Wichita v. Aero Holdings, Inc.,* 192 F.R.D. 300, 302 (D.Kan.2000) ("Courts, absent *obvious* requests for irrelevant discovery, are in no position at the discovery stage of litigation to make uninformed conclusions about what is or is not relevant to a case and instead, must rely on the party opposing discovery to explain why the information sought will not lead to otherwise admissible evidence.")

Plaintiff's request originally was from 2008 to the present, but Plaintiff offered to reduce the temporal scope to 2010 through the present. Nonetheless, Defendant continues to object on the basis that Plaintiff was employed by Defendant from March 2010 until January 2011. While Defendant complains the requests are overly broad, Defendant fails to support the breadth objection with an affidavit or other evidence, as required.

Employees employed both before the Plaintiff was hired and after Plaintiff's termination will possess information about the company's policies and how they are applied, they may have witnessed similar conduct as that attributed to Plaintiff and know how the company responded, they will know the company's attitude towards worker's compensation claims. Even employees hired after Plaintiff's termination may have heard about Plaintiff's employment and treatment and/or the application of the policy in question, and such evidence may either itself be admissible or it may lead to admissible evidence.

"[D]iscovery of information both before and after the liability period within a Title VII lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable

number of years both prior to and following such period. Thus, the task of the trial court is to balance the clear relevance of the information against the burden on the defendant." ***Owens v. Sprint/United Mgmt. Co.***, 221 F.R.D. 649, 655 (D. Kan., 2004) (footnotes omitted). ***Also Epling v. UCB Films, Inc***., 2000 U.S. Dist. LEXIS 21818, *19-21 (D. Kan., 2000) (collecting cases). Generally a **five year** period– the original scope of the request-- is considered reasonable.[2]

**WHEREFORE,** Plaintiff's temporal scope is reasonable.

### D. - The Geographic Scope is Reasonable

Defendant has not been able to provide factual or legal support for its position in limiting the scope of the request to only Plaintiff's facility. While Plaintiff was employed at Defendant's Rose Creek location, she was supervised by Erin Larson who supervised other facilities in addition to Rose Creek.

While the focus of discovery starts at the location where Plaintiff was employed, when the adverse action is made by a person outside of Plaintiff's work area it is appropriate to look at how that higher supervisor treated other similarly situated employees in her area. ***Owens v. Sprint/United Mgmt. Co.,*** 221 F.R.D. 649, 654 (D. Kan. 2004), footnotes omitted, explains that:

> In determining the appropriate employing unit of the plaintiff alleging employment discrimination, courts look to the level of the supervisor or supervisors who are primarily responsible for the employment decision regarding the plaintiff and other similarly-situated employees. The rationale is that the motive and intent of the supervisors who made the employment

---

[2] ***See Chicano Police Officer's Ass'n v. Stover***, 526 F.2d 431, 438-39 & n. 6 (10th Cir.1975) (compiling cases indicating a five year period was generally reasonable and proper) and ***McAlester v. United Air Lines, Inc.***, 851 F.2d 1249, 1257 (10th Cir.1988) (admission of terminations "for the years 1977 through 1981" relevant). ***Also see EEOC v. Kansas City Southern Ry.,*** 195 F.R.D. 678, 680 (D.Kan.2000); ***Garrett v. Sprint PCS***, 2002 U.S. Dist. LEXIS 1914, *8 (D. Kan. Jan. 31, 2002); ***Hill v. Dillard's Inc***., 2002 U.S. Dist. LEXIS 950, * 13 (D. Kan. Jan. 21, 2002); ***Owens v. Sprint/United Mgmt. Co.***, 221 F.R.D. 649, 655 (D. Kan. 2004) (all citing to ***Stevenson v. Gen. Elec. Co.,*** 1978 WL 150 at * 1 as "noting emergence of a 'five year rule'").

decisions relating to the plaintiff and other employees is relevant to determining whether the employment decision was discriminatory.

Thus, Plaintiff's request is not limited to the Rose Creek facility but to the areas supervised by Ms. Larson who made the decision regarding the Plaintiff. This is the proper geographic scope under applicable standards.

**WHEREFORE**, Plaintiff's geographic scope is reasonable.

### E. - The Requests Are Not Burdensome

"All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." ***Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). Thus,

> In opposing discovery on the grounds of burdensomeness, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents. Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery.

***Cory v. Aztec Steel Bldg., Inc.***, 225 F.R.D. 667, 672 (D. Kan. 2005) (cited and quoted with approval in ***Sullivan v. USAA Gen. Indem. Co.***, 2006 U.S. Dist. LEXIS 32670, *5-6 (W.D. Okla. May 10, 2006) (Miles-LaGrange, C.J.) (internal quotations and citations omitted)). ***See also Ponca Tribe of Indians v. Cont'l Carbon Co.***, 2006 U.S. Dist. LEXIS 74225, * 4 (W.D. Okla. Oct. 11, 2006) (Cauthron, J) (citing and summarizing ***"Cardenas v. Dorel Juvenile Group, Inc***., 232 F.R.D. 377, 380 (D. Kan. 2005) [as holding that] [t]he party asserting an undue burden objection to a discovery request has the burden to show not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery.")

> The standard for denying discovery based on undue burden is very high:
> . . . A court will not excuse compliance with a subpoena for relevant information simply upon the cry of 'unduly burdensome.' Rather, the employer

7

must show that compliance would unduly disrupt and seriously hinder normal operations of the business. *EEOC v. Maryland Cup Corp*., 785 F.2d 471, 479 (4th Cir. 1986).

*EEOC v. Citicorp Diners Club, Inc*., 985 F.2d 1036, 1040 (10th Cir. 1993). **Accord** *Manning v. GM,* 247 F.R.D. 646, 654 (D. Kan. 2007) (citations and footnotes omitted):

> Defendant has the burden to support this objection and to show not only 'undue burden or expense,' but also to show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery. Thus, even if the production of documents would cause great labor and expense or even considerable hardship and the possibility of injury to its business, Defendant would still be required to establish that the hardship would be undue and disproportionate to the benefits Plaintiff would gain from the document production. Moreover, Defendant, as the party objecting to the discovery as unduly burdensome 'cannot rely on some generalized objections, but must show specifically how each request is burdensome . . . by submitting affidavits or some detailed explanation as to the nature of the claimed burden.'

Here the Defendant did not in its written objection or during subsequent discussions provide any evidence supporting the claim of undue burden. While Defendant has clearly not met its burden of supporting the objection, Plaintiff would point out that such a claim may not be based on an internally unwieldy recordkeeping system. *See, e.g., Snowden by and through Victor v. Connaught Lab*, 137 F.R.D. 325, 332-33 (D.Kan.1991) ("The fact that an unwieldy record keeping system would require heavy expenditures of time and effort to produce requested documents is not a sufficient reason to prevent disclosure of otherwise discoverable material. . ." **quoting** *Securities & Exchange Com'n v. Samuel H. Sloan & Co.*, 369 F.Supp. 994, 995 (S.D.N.Y.1973)); *Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D. D.C. 1991), ("Plaintiffs should not suffer if the information is not easily accessible because defendants have an inefficient filing system.") and *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976), ("defendant may not excuse itself from compliance with Rule 34, Fed.R.Civ.P., by utilizing a system of record-keeping which conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate them, thus rendering the production of the documents an excessively burdensome and costly expedition").

**WHEREFORE,** there has been no showing of any undue burden and the objection

must be deemed waived.

## CONCLUSION

There is no appropriate basis for refusing to fully provide the information sought in Req. Prod. No. 9 (D)-(G) and this Court should compel timely and complete responses to this request.

**RESPECTFULLY SUBMITTED THIS 6th DAY OF FEBRUARY 2013.**

s/Christine E. Coleman
Mark Hammons, OBA #3784
Christine E. Coleman, OBA #30527
HAMMONS, GOWENS, HURST & ASSOC
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service to the opposing counsel below listed on this 6th day of February, 2013.

David E. Strecker, OBA #8687
Jessica C. Ridenour, OBA #20758
Jessica V. Hunt, OBA # 30116
STRECKER & ASSOCIATES, P.C.
2150 Mid-Continent Tower
401 South Boston Avenue
Tulsa, Oklahoma 74103-4009
Telephone: (918) 582-1716
Facsimile: (918) 582-1780

s/ Christine E. Coleman