IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. SUSAN MCKENZIE-NEVOLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-12-570-D |
| 1. DEACONESS HOLDINGS, LLC, | ) | Honorable Timothy DeGiusti |
| d/b/a/ DEACONESS HOSPITAL | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPPOSED MOTION FOR EXTENSION
## OF DATES IN SCHEDULING ORDER

COMES NOW Defendant, Deaconess Holdings, L.L.C., ("Deaconess" or the "Hospital") and respectfully moves this Court to enter an order extending all remaining Scheduling Order dates by sixty (60) days. In support of this motion, the following is offered for this Court's review and consideration.

1. The dispositive and *Daubert* motions deadline is currently set for April 5, 2013 and the discovery deadline is May 6th, 2013 [Dkt. # 45].

2. On July 25, 2012, Defendant sent Plaintiff its first Request for Production of Documents requesting any calendars relating to her employment as well as all documents in her possession related to her Oklahoma Employment Security Commission Claim or reflecting her prior testimony.

3. On March 1, 2013—the day the parties' final witness and exhibit lists were due to be filed—Plaintiff sent Defendant the transcript of Plaintiff's telephonic

1

administrative hearing before the OESC Appeals Tribunal.[1]  On March 21, 2013, Plaintiff sent to Defendant the missing pages of her calendar she kept during her employment with Defendant.[2]

4.  Plaintiff's testimony in her OESC transcript surrounding her employment and termination at the Hospital, along with notations she made in her calendar, has brought to light relevant information Defendant intends to use in its defense of Plaintiff's claims.  As Defendant did not have these documents prior to Plaintiff's deposition taken on December 20, 2012, it has requested and Plaintiff has agreed to allow Defendant to conduct a short continuation of her deposition on April 3, 2013.

5.  Additionally, based on information obtained in the OESC transcript and Plaintiff's calendar, Defendant has subpoenaed relevant documents from Plaintiff's primary care physician's office and insurance company and requested to take four additional depositions of Plaintiff's medical care providers.

6.  Plaintiff has moved to quash the aforementioned subpoenas [Dkt. # 51].[3]  In consideration of the briefing schedule for these motions, Defendant will not be able to obtain the documents and complete the depositions prior to the May 5, 2013 discovery cutoff, should the Court rule in Defendant's favor.

---

[1] This transcript was used extensively during the depositions of Defendant's employees taken by Plaintiff on March 12, 2013.
[2] The first part of her calendar was sent to Defendant on January 22, 2013. After follow-up correspondence, the remainder was sent on March 21, 2013.
[3] There is also a pending motion to quash Defendant's subpoenas to Plaintiff's former employers for the personnel files of Plaintiff.  [Dkt. # 28].

7. Deaconess respectfully requests this extension to allow it to complete Plaintiff's deposition and utilize the complete transcript in its dispositive motion. Additionally, Defendant requests this extension to allow time to fully brief the discovery motions and time for third parties to respond to its subpoenas subject to this Court's rulings.

8. Counsel for Deaconess and counsel for Plaintiff have conferred in good faith and counsel for Plaintiff opposes this Motion. While Plaintiff opposes this Motion, Defendant would not be asking for this extension "but for" Plaintiff's untimely production of documents.[4]

9. Deaconess has previously made two requests for extensions of all remaining scheduling order deadlines [Dkt. # 25, Dkt. # 43],[5] one of which was unopposed [Dkt. # 43].

10. The instant Motion is brought in good faith, in the interest of justice, and not intended for delay or postponement. There is not a trial date currently set in this case.

WHEREFORE, Deaconess respectfully requests this Court enter an order to extend all remaining dates in the Scheduling Order by sixty (60) days.

---

[4] Defendant would like to point out that Plaintiff's hearing before the OESC Appeal Tribunal was transcribed on May 29, 2012.

[5] The first request for extension of time was required in light of Plaintiff's untimely production of the medical releases which Plaintiff agreed to produce on August 23, 2012 and did not fax to Defendant until November 8, 2012. The second unopposed request for extension of time was made in conjunction with a mediation the parties engaged in on February 22, 2013.

Respectfully submitted,

*/s/ Sean W. Kilian*
David E. Strecker, OBA #8687
Jessica C. Ridenour, OBA #20758
Sean W. Kilian, OBA #31117
STRECKER & ASSOCIATES, P.C.
2150 Mid-Continent Tower
401 South Boston Avenue
Tulsa, Oklahoma 74103-4009
Phone:  (918) 582-1734
Fax:      (918) 582-1780
**ATTORNEYS FOR DEFENDANT
DEACONESS HOSPITAL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of March, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark Hammons, OBA #3784
Christine E. Coleman, OBA #30527
HAMMONS, GOWENS, HURST & ASSOCIATES
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone:    (405) 235-6100
Facsimile:    (405) 235-6111
Christine@hammonslaw.com
**ATTORNEYS FOR PLAINTIFF**

*/s/ Sean W. Kilian*
Sean W. Kilian