IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

1. SUSAN MCKENZIE-NEVOLAS,      )
                                      )
      Plaintiff,                  )
                                      )
v.                                   )
                                    )    Case No. CIV-12-570-D
1. DEACONESS HOLDINGS, LLC,   )    Honorable Timothy DeGiusti
d/b/a/ DEACONESS HOSPITAL      )
                                      )
      Defendant.            )

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S MOTION WITH AUTHORITY TO QUASH SUBPOENAS

COMES NOW, Defendant, Deaconess Holdings, L.L.C. ("Defendant" or the "Hospital"), and files its response in opposition to Plaintiff's Motion With Authority to Quash Subpoenas ("Motion to Quash") [Dkt. # 51]. Defendant submits Plaintiff's Motion to Quash is entirely without merit and, in accordance with the arguments presented herein, respectfully requests that the Court deny Plaintiff's motion and enforce Defendant's subpoenas.

## I.    Relevant Background

This disability discrimination case is in the discovery phase, which is currently set to end on July 5, 2013, and a trial date has not yet been set. Defendant employed Plaintiff as a Medical Assistant from March of 2010 until January of 2011. One of the issues in this case is Plaintiff's adherence to Defendant's attendance policy. Evidence produced so far during discovery has given Defendant a basis, outlined herein, to question whether several of Plaintiff's absences from work were due to Plaintiff attending

1

doctor's appointments, as she contends, or due to some other reason. The subpoenas Plaintiff seeks to quash are designed to obtain evidence corroborating the dates and times on which Plaintiff contends she attended doctors' appointments.[1]

## II.    <u>Argument</u>

### a) Plaintiff Lacks Standing to Challenge Defendant's Third Party Subpoenas Because She Has Not Asserted a Personal Right or Privilege in the Information Defendant Seeks

It is well established that a party challenging a subpoena directed to a third party must carry the burden of establishing standing before that party may move the Court to quash the subpoena. *See, e.g., Howard v. Segway, Inc.*, 2012 U.S. Dist. LEXIS 99431 at *4 (N.D. Okla. 2012) ("Generally, absent a claim of privilege, personal interest or proprietary interest, a party lacks standing to quash a subpoena served on a third party."). Aside from a single conclusory sentence in her Motion to Quash, Plaintiff offers no argument to establish standing to challenge Defendant's subpoenas to third parties. To date, the third parties to whom the subpoenas are directed have lodged no objection.

---

[1] Plaintiff correctly states the scopes of Defendant's subpoenas in her Motion to Quash, and the scopes are repeated below for convenience.

To Dr. Farhan M. Qureshi: "For the time period from March 1, 2010 – January 25, 2011, please provide: any records/notes indicating that Plaintiff, Susan Lynn McKenzie Nevolas, signed-in for, cancelled, or failed to attend an appointment with Dr. Qureshi and/or his staff; records of Ms. Nevolas' co-payments; and explanation of benefits (EOBs) from Ms. Nevolas' insurance provider (BCBS of Tennessee) for services provided by Dr. Qureshi and/or his staff."

To Blue Cross Blue Shield of Tennessee: "Explanation of Benefits for Susan Lynn McKenzie Nevolas, from March 1, 2010 through January 25, 2011, for services to Ms. Nevolas from Farhan M. Qureshi, M.D."

The only authority offered by Plaintiff to establish her standing warns that "[t]o satisfy the standing requirement [based on the assertion of a personal right], a conclusory assertion that the subject documents 'are private, confidential, and proprietary' is insufficient; instead, the challenging party must specifically identify the personal right or privilege on which he relies." *Public Serv. Co. v. A Plus, Inc*., 2011 U.S. Dist. LEXIS 16087 at *6-*7 (W.D. Okla. 2011); *see also*, *Hertenstein v. Kimberly Home Health Care, Inc*., 189 F.R.D. 620, 635 (D. Kan. 1999) (finding the plaintiff had no standing to make a motion to quash where she "makes no argument that she has a personal right to be protected"). Even if true, Plaintiff's statement that Defendant's subpoenas "seek private and personal information" (Dkt. # 51 at 2), is far from specifically identifying the personal right supporting Plaintiff's standing. Without "a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum." *Brunet v. Quizno's Franchise Co. LLC*, 2009 U.S. Dist. LEXIS 32865 at *11 (D. Colo. 2009) *citing Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997).

Courts have not defined "what constitutes a 'personal right'" for the purpose of establishing standing to challenge a subpoena to a third party. *Public Serv. Co.* 2011 U.S. Dist. LEXIS 16087 at *7; *see also*, *Fullbright v. State Farm Mut. Auto. Ins. Co*., 2010 U.S. Dist. LEXIS 3942 at *4 (W.D. Okla. 2010). Instead, courts have considered the circumstances of individual cases and have found that personal rights exist on a variety of different facts. *See, e.g., Transcor, Inc. v. Furney Charters*, Inc., 212 F.R.D. 588, 591 (D. Kan. 2003) (a personal right exists in banking records).

In this case, to the extent Plaintiff's conclusion as to her standing can be considered an assertion of a privacy right, that assertion is mitigated in two ways. First, Plaintiff has already authorized Defendant to obtain the information it seeks via subpoena by signing a waiver. *See* Exhibit 1. Second, there is a protective order in place [Dkt. # 24] that will ensure any "private and personal information" produced will not be seen by individuals outside this litigation.

Since Plaintiff has not specifically asserted a personal right or privilege in the documents Defendant seeks from third parties, Defendant requests the Court deny Plaintiff's Motion to Quash on the basis that she does not have standing to challenge Defendant's subpoenas. If the Court does consider Plaintiff to have specifically asserted a personal privacy right in the documents Defendant seeks, Defendant urges that Plaintiff lacks standing to challenge Defendant's subpoenas because she has waived that privacy right.

b) **Defendant Seeks Documents Well Within the Scope of Discovery Because the Documents are Relevant to Plaintiff's Claims, Defendant's Defenses, Plaintiff's Credibility, and the Subject Matter of the Action**

Fed. R. Civ. P. 26(b)(1) allows parties to obtain discovery into matters "relevant to any party's claim or defense" and, after showing "good cause," into "any matter relevant to the subject matter involved in the action." "Relevancy for discovery purposes is broadly defined; information subject to discovery is not restricted to evidence that would be admissible at trial." *Roberts v. Target Corp.*, 2012 U.S. Dist. LEXIS 141680 at *3 (W.D. Okla. 2012) *citing In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009).

In order to establish that she is disabled within the meaning of the ADA, Plaintiff must first show that she has "a recognized impairment." *Berry v. T-Mobile USA, Inc.*, 490 F.3d 1211, 1216 (10th Cir. 2007) (citations omitted). Defendant's subpoenas are intended to produce evidence showing whether or not Plaintiff attended doctor's appointments on the dates and times she contends she did. Whether Plaintiff attended appointments is directly relevant to her claim that she is disabled and to Defendant's defense that it terminated Plaintiff's employment for legitimate, non-discriminatory reasons. Deposition testimony and other evidence produced during discovery have cast doubt on whether Plaintiff attended doctors' appointments when she contends she did and such doubt provides Defendant good cause to seek this discovery.

For example, during Plaintiff's OESC appeal hearing, she testified that she attended an appointment with her surgeon, Dr. Hagood, on January 24, 2011, and that Dr. Hagood "thought they were going to have to do a breast biopsy and possible surgery at that time from the infection of the breast" and told her she "needed to see [her] physician right away." *See* Exhibit 2 at 33-34. Dr. Hagood's account of this appointment, as written in his post-appointment report, is very different than Plaintiff's.[2] The report mentions nothing about a biopsy or surgery. *See* n. 2. It states that the history of possible left breast abscess "appears to be completely resolved." *Id*. Additionally, the report does

---

[2] This report was obtained by Defendant in response to a subpoena and was produced to Plaintiff with Bates stamp numbers D(N) 001952-001954. In an effort to save time, Defendant has chosen not to seek leave to attach this medical record as an exhibit to this Response. However, Defendant will certainly make this report available on request.

not recommend that Plaintiff see her physician, Dr. Qureshi, "right away," nor does it make any similar urgent recommendation for Plaintiff to see her physician. *Id.*

During the OESC appeals hearing, Plaintiff went on to testify in detail regarding the events of the next day, January 25, 2011, including, importantly, that she attended a doctor's appointment during her lunch hour. *See* Exhibit 2 at 34-35. However, during Plaintiff's deposition, she was unable to state with certainty that she did in fact attend a doctor's appointment that day:

> Q.     All right.  But as we sit here today, you're ab- -- under
> oath, you're absolutely sure you did see Dr. Qureshi that day?
> A.      Yes, I'm – I'm 99 percent sure.

*See* Exhibit 3 at p. 223.  Defendant believes it is entitled to discover evidence that will corroborate Plaintiff's answer.

Additionally, the "reminder card" Plaintiff submitted to Defendant regarding her January 25th appointment states that the appointment was at 11:15 a.m.  *See* Exhibit 4. However, time records show that Plaintiff did not leave work that day until after 11:35 a.m., even though the appointment was in Yukon, which is approximately a twenty-five minute drive. *See* Exhibit 5.  Again, whether Plaintiff attended her doctor's appointments is directly relevant to the merits of Plaintiff's ADA claim, her prayer for damages, her credibility, and Defendant's defenses.

Plaintiff contends Defendant's subpoenas are an improper attempt to develop an unpled after-acquired evidence defense, but Defendant is not using discovery to create its

defense.[3] As authority cited by Plaintiff states, "Courts generally agree that this defense 'cannot be used to pursue discovery *in the absence of some basis* for believing that after-acquired evidence of wrong-doing will be revealed.'" *Shirazi v. Childtime Learning Ctr.*, 2008 U.S. Dist. LEXIS 88686 at *8 (W.D. Okla. 2008) *quoting Chamberlain v. Farmington Sav. Bank*, 2007 U.S. Dist. LEXIS 70376 at *7 (D. Conn. 2007) (emphasis added). As outlined above, Defendant has a basis to believe that evidence of wrong-doing will be revealed.

Plaintiff's argument relies in part on the fact that Defendant has not pled the after-acquired evidence defense, but the after-acquired evidence defense "need not be pleaded at the time an answer is filed as an affirmative defense." *Spinner v. B&P Process Equip.*, 2012 U.S. Dist. LEXIS 7742 at *7 (E.D. Mich. 2012). Courts have recognized that, "[t]he very nature of the defense results in it, at times, being raised well into the litigation." *Id.* To date it would be pre-mature for Defendant to plead an after-acquired evidence defense. Discovery is ongoing in this case and if Defendant obtains evidence to support such a defense, it would seek leave of Court to amend its answer. The fact that Defendant has not pleaded an after-acquired evidence defense is not a basis to deny it discovery.

## III.    Conclusion

---

[3] Although Plaintiff claims that, during the 37.1 conference between counsel, counsel for Defendant stated that "the purpose of these subpoenas is to create an 'after-acquired evidence' defense," this was not Defendant's counsel's complete statement during the call. Dkt # 51 at 3. In a letter to Plaintiff's counsel following the conference, Defendant's counsel repeated its purpose in full. *See* Exhibit 6.

Under the circumstances presented, Plaintiff lacks standing to challenge Defendant's subpoenas to third parties because her single conclusory assertion in support of her standing does not specifically identify the personal right on which she bases her assertion. Furthermore, Defendant's subpoenas seek documents that are directly relevant to Plaintiff's claims and Defendant's defenses, as well as Plaintiff's credibility, because they will corroborate Plaintiff's account of the times and dates on which she missed work to attend doctors' appointments.

WHEREFORE, for the forgoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Quash in its entirety and enforce Defendant's subpoenas.

Respectfully submitted,

**STRECKER & ASSOCIATES, P.C.**

*/s/ Sean W. Kilian*_____
David E. Strecker, OBA #8687
Jessica C. Ridenour, OBA #20758
Sean W. Kilian, OBA #31117
2150 Mid-Continent Tower
401 South Boston Avenue
Tulsa, Oklahoma 74103-4009
Phone: (918) 582-1734
Fax: (918) 582-1780
**ATTORNEYS FOR DEFENDANT**
**DEACONESS HOSPITAL**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 1st day of April, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark Hammons, OBA #3784
Christine E. Coleman, OBA #30527
HAMMONS, GOWENS, HURST & ASSOCIATES
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone:   (405) 235-6100
Facsimile:   (405) 235-6111
Christine@hammonslaw.com
**ATTORNEYS FOR PLAINTIFF**

*/s/ Sean W. Kilian*
Sean W. Kilian