IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

1. SUSAN MCKENZIE-NEVOLAS,       )
                                 )
        Plaintiff,               )
                                 )
v.                               )
                                 )   Case No. CIV-12-570-D
1. DEACONESS HOLDINGS, LLC,      )   Honorable Timothy DeGiusti
                                 )
                                 )
        Defendant.               )

## DEFENDANT'S OPPOSED MOTION FOR EXTENSION OF DATES IN SCHEDULING ORDER

COMES NOW Defendant, Deaconess Holdings, L.L.C., ("Deaconess") and respectfully moves this Court to enter an order extending the dispositive and *Daubert* motion deadline, as well as the discovery cutoff from August 5, 2013 to October 5, 2013 and to extend the deadline for designations of deposition testimony, motions in limine, requested voir dire, requested jury instructions, trial briefs, proposed findings of fact and conclusions, and the Final Pretrial Report from October 2, 2013 to December 2, 2013. In support of this motion, the following is offered for this Court's review and consideration:

1. A trial date has not been set in this case.

2. Plaintiff has designated Dr. Farhan Qureshi as a fact and expert witness. Dr. Qureshi is a former employer of Plaintiff's and he is also her primary care physician. He has provided Plaintiff medical treatment before, during, and after her employment with Deaconess, including, allegedly, on Plaintiff's final day of employment with Deaconess.

1

3. Defendant has sent Dr. Qureshi subpoenas for Plaintiff's employment records, medical records, appointment records, and billing records. To date, Defendant has not been able to take Dr. Qureshi's deposition due to his incomplete responses, and, in some cases, non-responses to Defendant's subpoenas.[1] Due to Dr. Qureshi's insufficient responses, Defendant has filed a Motion to Compel [Doc. No. 85].

4. Counsel for the parties have conferred, and counsel for Plaintiff opposes this motion. Although Plaintiff opposes this Motion, Plaintiff has not objected to Defendant's Motion to Compel [Doc. No. 85], and all of Plaintiff's objections to the scopes of Defendant's subpoenas have been resolved between the parties. Plaintiff has not offered Defendant any representation as to when or if Dr. Qureshi intends to comply with its subpoenas.

5. Defendant respectfully requests this extension of dates in the Scheduling Order because Dr. Qureshi's deposition testimony and his complete response to its subpoenas are very relevant to this case, and it would be prejudicial to Defendant not to have this evidence for its motion for summary judgment. Indeed, Dr. Qureshi has refused to provide the medical records regarding Plaintiff's medical condition at the time of her termination as well as other medical documents referenced in his expert report. Defendant cannot properly respond to Plaintiff's

---

[1] The complete history of Dr. Qureshi's responses to Defendant's subpoenas, and Defendant's attempts to enforce them, is set forth in Defendant's Motion to Compel [Doc. No. 85].

claim that she was "disabled" at the time of her termination—a *prima facie* element in her case—without this information.

6. Deaconess has previously made four requests for extensions of all remaining scheduling order deadlines[2] [Doc. No. 25, Doc. No. 43, Doc. No. 55, Doc. No. 76], one of which was unopposed [Doc. No. #43].  Defendant is eager to complete discovery and file its motion for summary judgment but cannot effectively do so until it has all the evidence regarding a *prima facie* element of this case.    This motion is brought in the interest of justice and not intended for unnecessary delay or postponement.  Although there are only a few discovery tasks remaining, this request is for sixty (60) additional days due to the uncertainty as to when Dr. Qureshi will make a complete response to its subpoenas, and for the purpose of minimizing the likelihood of future requests for extensions of time.

WHEREFORE, Deaconess respectfully requests this Court enter an order extending the dispositive and *Daubert* motion deadline, as well as the discovery cutoff to October 7, 2013, and to extend the deadline for designations of deposition testimony, motions in limine, requested voir dire, requested jury instructions, trial briefs, proposed findings of fact and conclusions, and the Final Pretrial Report to December 2, 2013.

---

[2] As Defendant stated in its most recent request for extension of time [Doc. No. 76],the first request for extension of time was required in light of Plaintiff's untimely production of the medical releases which Plaintiff agreed to produce in August 2012, but would not release them to Defendant until November 2012.  The second unopposed request for extension of time was made in conjunction with a mediation the parties engaged in on February 22, 2013.  The third request for an extension of time was required in light of supplemental document production from the Plaintiff, which required re-deposing the Plaintiff, and due to the fact that the completion of discovery was tied up in motions to quash.  The fourth request for extension of time was made for largely the same reasons as this request.

Respectfully submitted,

*/s/ Jessica C. Ridenour*_____
David E. Strecker, OBA #8687
Jessica C. Ridenour, OBA #20758
Sean W. Kilian, OBA #31117
STRECKER & ASSOCIATES, P.C.
2150 Mid-Continent Tower
401 South Boston Avenue
Tulsa, Oklahoma 74103-4009
Phone:  (918) 582-1734
Fax:  (918) 582-1780
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark Hammons, OBA #3784
Christine E. Coleman, OBA #30527
HAMMONS, GOWENS, HURST & ASSOCIATES
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone:    (405) 235-6100
Facsimile:    (405) 235-6111
Christine@hammonslaw.com
**ATTORNEYS FOR PLAINTIFF**

*/s/ Jessica C. Ridenour*
Jessica C. Ridenour